IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>KIMBERLY ROBINSON,<br><br>            Defendant. | Case No: 16-3077-05-CR-S-BCW |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Josephine Larison Stockard, Special Assistant United States Attorney, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on August 6, 2018. For the reasons set forth below, the Government recommends that this Court sentence the defendant to a term of incarceration of 96 months and a five-year term of supervised release.

## I. BACKGROUND

On December 20, 2017, the defendant, Kimberly Robinson, pleaded guilty before United States Magistrate Judge David P. Rush to Count One of the Indictment, conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. On January 4, 2018, this Court accepted the plea of guilty. On March 29, 2018, the final Presentence Investigation Report (PSR, Doc. 199) was filed.

## II.  LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated, advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

## III.  DISCUSSION

**A.    Guidelines Calculations**

The PSR finds a Guidelines imprisonment range of 77 to 96 months and a Guidelines supervised release term of four to five years. (PSR 14, ¶¶ 70 and 73.) The Government concurs with these calculations.

**B.    Statutory Sentencing Factors**

This Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. § 3553, including the Guidelines issued by the U.S. Sentencing Commission. These factors include:

*1. Nature and Circumstances of the Offense*

Approximately 186 Americans die each day from a drug overdose, a total of 67,944 Americans died of drug overdoses in the period between September 2016 through September

2017.[1]  The statistics from the Centers for Disease Control and Prevention (CDC) paint a grim picture in relation to heroin and opioid overdoses.  The statistics show that between September 2016 and September 2017, the number of heroin deaths per annum had climbed to 15,301, and the total number of opioid deaths (including heroin, natural, synthetic, and semi-synthetic opioids) had jumped to 45,657.

Sadly, today's opioid epidemic has hit home in the State of Missouri.  The most recent statistics show that, in 2016, there were 908 Missourians who lost their lives due to an opioid overdose.[2]  One dose of heroin, which sells on the street for approximately $5 to $15, contains on average about .025 grams of heroin.  That individual dose can be fatal, depending on its purity.  To trigger a five-year mandatory minimum sentence, at least 100 grams of heroin must be involved in the offense, or in other words, approximately 4,000 doses of potentially fatal heroin.  *See* 21 U.S.C. § 841(b)(1)(B)(i).

This was a long-term investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the Springfield, Missouri, Police Department (SPD).  From the beginning, it was clear that Robinson was a major player in what was, at the time, a smaller market for heroin in Springfield.  Robinson confirmed this when ATF and SPD made contact with her while looking for Demarko Hinkle after he was indicted in this case.  Robinson said that before she went to prison she was one of three or four main heroin dealers in the Springfield area.

---

[1]*Provisional Drug Overdose Death Counts*, the National Center for Health Statistics, the Centers for Disease Control and Prevention, available on from the CDC Website at https://www.cdc.gov/nchs/nvss/vsrr/drug-overdose-data.htm (accessed on April 26, 2018).

[2]Missouri state statistics are taken from the Missouri Department of Health and Senior Services Website, http://health.mo.gov/data/opioids/death-toll.php (accessed on April 26, 2018).

3

After Robinson went to prison in February of 2015, Hinkle continued the heroin business in an ever-growing market of addicts and worked with Victor Walton, Laura Brown, and Peter Kuhn. Walton helped Hinkle sell firearms and heroin to an undercover police officer and to transport and sell heroin. Brown and Kuhn also sold heroin with and for Hinkle.

2. *History and Characteristics of this Defendant*

Robinson's criminal history started when she was 20. (PSR 6, ¶ 30.) Robinson is now 33. In that time, Robinson has committed five felony offenses, which include both drug offenses and stealings. (PSR 7, ¶¶ 35, 39, 40, and 41.) The defendant has five children and does not have her GED. If she got into selling drugs to earn money, that may have worked in the short term, but she has now left her children to be raised by her mother while she spends time in prison. Robinson has been through horrible experiences as a child and has lost family members and loved ones in tragic ways. However, Robinson has always had the choice to have a better life for herself and her children.

3. *Need to Promote Respect for the Law, Need to Afford Adequate Deterrence to Criminal Conduct, and Need to Protect the Public from Further Crimes of the Defendant*

This defendant showed a deep disrespect for the law in her distribution of heroin. A Guidelines sentence promotes respect for the law and acknowledges the harm caused by this crime and the reason for the laws that punish this conduct. Robinson's criminal history is consistent and serious. She has shown in her 13-year criminal history that incarceration is one of the few ways to stop her commission of criminal offenses.

A Guidelines sentence will also protect the public from Robinson. The distribution of controlled substances can be lucrative, and due to Robinson and the other pioneers in heroin in Springfield, the number of addicts is plentiful. However, one of the actions that will protect those

addicts and others, is to stem the flow of heroin.  Fortunately, this group has been incarcerated for some time, but the harm they laid the foundation for has continued and multiplied.  Incarceration will stop Robinson from dealing more drugs in the short term, but a high Guidelines sentence for Robinson will also send a message about the danger, the seriousness, and lethality of the distribution of heroin.

> 4. *Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment*

Robinson needs a GED and drug treatment.  The Government would support her participation in a program that would allow her to complete her GED and her participation on RDAP.

## IV. <u>CONCLUSION</u>

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers the factors above, including the advisory Guidelines range.  The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

5

Case 6:16-cr-03077-BCW   Document 218   Filed 07/27/18   Page 5 of 6

The Government respectfully requests that this Court impose a sentence of 96 months' imprisonment.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

*/s/ Josephine Larison Stockard*
JOSEPHINE LARISON STOCKARD,
Mo. Bar #63956
Special Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 27th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Josephine Larison Stockard*
JOSEPHINE LARISON STOCKARD
